## SOLICITATION OF BRIBES.

Common Pleas Court of Franklin County.

STATE OF OHIO v. L. R. ANDREWS AND RODNEY J. DIEGLE.

Decided, June, 1911.

*Bribery—Averments of Intent and Purpose in the Solicitation of a Bribe—Indictment Sufficient, When—Averments Directed Against an Aider and Abettor.*

1. The unlawful intent and purpose of one who is charged with the solicitation of a bribe is sufficiently set forth in the indictment by averments that the solicitation was "with the intent and purpose that he * * * might then and there be influenced" in his official action.

2. A count in such an indictment, which charges that one of the defendants did unlawfully and knowingly aid and abet, encourage and procure his co-defendant to commit the crime of soliciting a bribe in the manner and form set forth in the indictment, is a sufficient allegation of the ultimate facts to set forth the offense, where followed by a recital of the acts which it is proposed to show the defendant committed.

*T. S. Hogan,* Attorney-General, and *Edward C. Turner,* Prosecuting Attorney, for the state.

*C. J. Mattern, Belcher & Connor* and *Allen Andrews,* contra.

KINKEAD, J.

A motion to quash the indictment upon various grounds is submitted.

The argument made upon the submission in support of the motion is not only interesting and effective, but was particularly commendable because of its profesisonal ethical characteristics. There is a growing popular prejudice against the legal profession in making technical objections in criminal cases. The oral argument submitted in support of the grounds of the motion was so distinctively appreciative of the proper function of the advocate in presenting the reasonably debatable questions in this case as to deserve this special mention by the court.

The question was passed upon in the ruling upon the demurrer to the indictment in *State* v. *Nye, ante.* The court encountered some difficulty in deciding the question, and the argument now submitted on behalf of the defendant has received much consideration.

The legal profession is fully cognizant of the impatience of popular opinion of the technique of legal procedure, and of the utter lack of appreciation of its importance in particular instances. The judiciary, however, must hew to the line pointed out by the law.

The objections to the indictment present debatable ground concerning a material matter in the indictment. It is as to the question of the intent and purpose of the defendant who is alleged to have solicited a bribe.

The language of the indictment is: "with the intent and purpose that he   *   *   *   might then and there be influenced," etc.

The statute provides against a solicitation of a valuable thing "to influence" official duty.

It is urged that the language of the indictment does not bring the case within the rule of certainty required by the statute, but merely places the defendant in the zone of temptation instead of in the realm of criminality required by the statute.

The controversy hinges upon the use of the word *might,* which is claimed to be an imperfect tense of may, and used as an auxiliary verb, being always defective resulting in the construction of a conditional clause. Being a subjunctive verb it is urged that it is not direct, positive, and dictatorial, but is doubtful, permissive, possible and contingent; that the language of the statute is active while that of the indictment is passive.

Attention of the court is called to the legal rules that all material facts necessary to prove to produce a conviction must be averred with reasonable certainty; that the case must be clearly brought within the statute. 5 O. S., 281; 3 O. S., 234.

True it is that "there is great danger in employing what are convertible terms" (3 O. S., 234). But it will be conceded that the practical affairs of life are not made to rest upon the technique of correct expression, but rather upon the meaning which the language used conveys to the ordinary mind.

As the court stated in ruling upon the demurrer to the indictment in the Nye case, it all depends upon the nature of the solicitation of a bribe as defined by the statute.

The statute—whoever solicits any valuable thing to influence official action—is prospective; it provides against future acts made unlawful.

The indictment by its language is retrospective; it relates to an alleged act committed in the past, where the possibility of any fruition therefrom is forever gone.

When an official says anything which conveys the idea that he *would* be willing to accept and receive money for the purpose of influencing his official action one way or another, it is indicative that he *might* or *would* be influenced in his official duty. This is what the statute condemns.

The theories of the technique of grammatical rules disappear in the concreteness of practical life, effect being given to the real meaning and purpose.

Criminal statutes, such as the one under consideration, contemplate the punishment of acts portrayed by the ordinary language of life, which clearly indicate a purpose and intent to obtain money to influence official action. Consequently, courts must not be hypercritical in the construction of language contained in an indictment under the statute in question.

Considering the language which may have been used in the solicitation of bribes in the technique of grammatical rules as contended for by counsel for defendants, if strictly founded on the language used, there might never be a conviction for solicitation of a bribe. The innuendoes in such cases are the telltales of the intent and purpose. On the other hand, considering the

language as it is ordinarily understood, it may not be difficult for a common sensed jury, courageously endeavoring to perform its duty, under proper instructions by the court to discover an intent and purpose to solicit a bribe to influence official action. The question is whether the one charged used language indicative of a purpose that he might have been influenced one way or another, by the receipt of money. The indictment need only allege the act and purpose in such language as to reasonably inform the defendant of the charge made.

With these suggestions, in addition to those made in passing upon the demurrer in *State* v. *Nye, ante,* the court is content in overruling the objections made by the motion to quash in the present case.

The other material objection is made as to the count in the indictment charging the defendant, Diegle, as an aider and abettor in the alleged crime of solicitation of a bribe.

The indictment charges that Diegle did unlawfully and knowingly aid, abet, encourage and procure the said Andrews to commit the crime of soliciting a bribe in manner and form as set forth in the indictment. It then sets forth the acts which the aider and abettor is supposed to have committed, consisting of arranging for meetings between the alleged briber and solicitor, with the intent and purpose of having said Andrews solicit and accept the sum of money named.

The count in the indictment against the aider and abettor contains a sufficient allegation of the ultimate facts to set forth the offense.

It matters not what the unknown messages were so long as the essential *ultimate* facts are alleged. It is more than likely that the alleged unknown messages are evidential in character. The motion in all its parts is overruled.